■ JOAN GROSS, Respondent, v JAMES A. GROSS, Appellant. — In an action to recover damages for assault, the defendant appeals from a judgment of the Supreme Court, Nassau County (McCaffrey, J.), dated February 11, 1982, which is in favor of the plaintiff and against him, upon a jury verdict, in the principal sum of $25,000. Judgment reversed, on the facts and as an exercise of discretion, without costs or disbursements, and a new trial granted on the issue of damages only, unless within 20 days after service upon plaintiff of a copy of the order to be made hereon, together with notice of entry, plaintiff shall serve and file in the office of the clerk of the Supreme Court, Nassau County, a written stipulation consenting to reduce the verdict as to damages to the principal sum of $15,000, and to the entry of an amended judgment accordingly. In the event that plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements. The findings of fact as to liability are affirmed. The verdict was excessive to the extent indicated. Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.

■ JUDITH LEHMAN, Respondent, v MARTIN LEHMAN, Appellant. — In a divorce action, the defendant husband appeals from (1) so much of an order of the Supreme Court, Nassau County (Balletta, J.), dated April 22, 1982, as directed him to make his financial books and records available to the plaintiff wife and awarded her $1,500, *pendente lite,* as additional accountant's fees; and (2) so much of a further order of the same court dated August 20, 1982, as upon reargument, adhered to its original determination. Appeal from order dated April 22, 1982, dismissed. Said order was superseded by the order dated August 20, 1982, which was entered upon reargument. Order dated August 20, 1982, affirmed insofar as appealed from. Plaintiff is awarded one bill of costs. The defendant husband, a physician, is a partner in an orthopedic practice. He interprets Special Term's order requiring him "to make all financial books and records available to the Plaintiff's accountant" as directing him to furnish said accountant with access to his patient files and patient ledger cards. We disagree. The order in question directs access only to defendant's financial records and that is all he is required to provide. To direct access to patient files and patient ledgers would be in clear violation of the physician-patient privilege and would subject the defendant to severe sanctions (see CPLR 4504, subd [a]; Education Law, § 6509 *et seq.; Anker v Brodnitz,* 98 Misc 2d 148, 152, affd 73 AD2d 589). Clearly Special Term made no such direction. We have considered defendant's remaining contentions and find them to be without merit. Mollen, P. J., Gulotta, O'Connor and Rubin, JJ., concur.

■ MARINE MIDLAND BANK, N. A., Respondent, v NORMAN B. MURKOFF et al., Appellants. — Order of the Supreme Court, Dutchess County (Jiudice, J.), dated February 4, 1982, affirmed, with costs (see *American Sur. Co. of N. Y. v Connor,* 251 NY 1; Debtor and Creditor Law, art 10, added by L 1925, ch 254, § 1). Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.

■ MICHELIN TIRE CORPORATION, Respondent, v ESTATE OF SIGMUND SOMMER et al., Appellants. — Appeal from an order of the Supreme Court, Nassau County (Morrison, J.), dated December 21, 1982, dismissed (see *Matter of Aho,* 39 NY2d 241, 248). Judgment of the same court entered January 5, 1983, affirmed. No opinion. Petitioner is awarded one bill of costs. Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.